CHARLES W. WATSON *vs.* GEORGE F. CAMERON.

Penobscot.   Opinion December 30, 1913.

*Acceptance.   Assumpsit.   Consideration.   Delivery.   Failure of Consideration.*
*Sale.*

1.   An action of assumpsit to recover the price of goods sold cannot be
maintained without proof of delivery and acceptance of the goods.

2.   This case shows no evidence of delivery or receipt, and for that reason
this action is not maintainable for the price of goods bargained.

3.   The destruction by fire of goods bargained, but not delivered, is a total
failure of consideration of a check given in part payment before the fire,
but not presented for payment until afterwards.

On report.   Judgment for the defendant.

This is an action of assumpsit upon an account for a mow of
hay in the barn of the plaintiff.   There is also a count upon the
check of the defendant claimed to have been given in part payment
for the hay, payment of which check had been stopped.   The check
was given on November 14, and in the night of that day, the hay was
consumed by fire, and on the following day, the defendant stopped
payment of the check.   The defendant pleaded the general issue,
and filed a brief statement alleging, among other matters, that there
was never any delivery of said hay, nor of any part thereof by
plaintiff to the defendant, nor any acceptance of same, or any part
thereof by the defendant.

At the conclusion of the evidence, the case was reported to the
Law Court upon so much of the evidence as is legally admissible,
for final determination; the Law Court to render such judgment as
the legal rights of the parties require.

The case is stated in the opinion.

*Charles H. Reid, Jr., and Edward P. Murray,* for plaintiff.
*Matthew Laughlin,* for defendant.

SITTING: SAVAGE, C. J., SPEAR, CORNISH, BIRD, HALEY, PHIL-
BROOK, JJ.

SAVAGE, C. J. Assumpsit upon an account annexed to recover
the price of a mow of 30 tons of hay sold. There is also a count
upon the defendant's check, alleged to have been given in part pay-
ment for the hay, and upon which payment was stopped; also, the
money counts.

The case comes up on report, and we must settle the facts, as well
as the law. The parties disagree about some material matters of
fact, but the following is a statement of the facts as we find them.
On October 2, 1911, the plaintiff offered to sell the hay to the
defendant. A price was agreed upon for the hay delivered, and
the defendant agreed to take it at the price. The hay was to be
pressed in the plaintiff's barn and hauled away by the defendant,
at his convenience, the plaintiff agreeing to board the pressers at
the defendant's expense. But it was understood that payment for
the hay would not be required before the following February. At
the same time, but by a separate agreement, the defendant agreed to
buy and take the plaintiff's straw at an agreed price. The same
arrangement was made for pressing the straw, as for the hay. The
defendant had not seen the hay, but he was familiar with the plain-
tiff's farm, and once or twice before had bought hay from it. On
October 15, the defendant called at the plaintiff's house, saw the
hay in the barn, and made some talk about having the plaintiff haul
it. Subsequently the defendant hired a man to press the hay. The
straw was pressed, and the plaintiff was paid for boarding the
pressers. On November 14, the plaintiff, desiring some money to
use, asked the defendant for some. The defendant gave him his
check for $100, and took his receipt for "one hundred dollars
advanced on sale of hay and straw to be delivered." Concerning
this request for money the defendant testified,—"I confess I was
a little surprised, and being a nervous man and a little provoked
. . . consequently I let him have money. However, I had no
excuse to refuse; this was the first opportunity I had had to secure
in a way and make it more emphatic that I had bought the hay, and
how I had bought it."

On the very night after the check was given, the hay was consumed by fire, and on the following day, the defendant, hearing of the fire, stopped payment of the check.

It is well settled that an action cannot be maintained for the price of goods sold, without proof of delivery and acceptance. This case, we think, shows no evidence of delivery, or receipt, actual, constructive, or symbolical. The plaintiff did not deliver the hay; the defendant did not receive it. The hay was bargained to the defendant. It was to stay in the plaintiff's barn until pressed and hauled away. But the plaintiff did not deliver and the defendant did not receive. It is true that some days after the trade the defendant saw the hay, and the plaintiff says he placed an estimate upon the quantity, and talked about his plans for pressing. But there was no act of delivery or receipt. Everything rested in words. And since an action for the price cannot be maintained in any event without showing delivery and acceptance, and since there can be no recovery on the check, because of total failure of consideration, the plaintiff cannot maintain this action.

*Judgment for the defendant.*